22 C. C. P. A. (Patents)

## In re McKEE.

### Patent Appeal No. 3438.

Court of Customs and Patent Appeals.
March 25, 1935.

Roy W. Johns, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 1 and 2 of appellant's application upon the ground that said claims cover subject-matter not within the purview of the patent statutes. No claims were allowed.

The claims upon appeal read as follows:

"1. A packing house product comprising a pigmentary branded carcass or carcass part, having a surface covering of fell and having branding pigment disposed underneath the fell.

"2. A meat product having a surface covering of fell over a layer of fat, with pigment deposited in a plane below the fell at perforations therein according to chosen indicia."

The Examiner, in addition to rejecting the said claims upon the ground above stated, cited two references upon which he based his rejection. The said references were held not to be anticipatory by the Board of Appeals, the Board's affirmance of the Examiner's decision being upon the sole ground that the claims do not relate to patentable subject matter; accordingly, this latter ground of rejection is the only one before us for consideration. In re Wagenhorst, 64 F.(2d) 780, 20 C. C. P. A. (Patents) 991.

The alleged invention is described by the Examiner as follows:

"This case relates to the branding of prepared meat with trade names or other indicia.

"Figure 1 represents a lamb carcass having desired indicia thereon.

"Figure 2 illustrates in cross-section a portion of Fig. 1, showing the indicia to be in the form of a series of dots. These dots are made by puncturing the carcass by a grooved needle, Fig. 3, or other suitable device. The meat is punctured below the plane of the fell 3 so as to deposit a small nodule of marking pigment 4 in the surface of the meat or fat, just beneath the fell 3.

"An advantage of this method of marking is that the fell may be bodily removed from the carcass part without affecting the legibility of the indicia deposited in the fat."

With regard to the ground of rejection upon which the Board based its affirmance of the Examiner's decision, the Board relied upon the case of American Fruit Growers, Incorporated, v. Brogdex Co., 283 U. S. 1, 51 S. Ct. 328, 75 L. Ed. 801, wherein it was held that an orange, the rind of which has become impregnated with borax through immersion in a solution and thereby rendered resistant to blue mold decay, is not a manufacture or manufactured article within the meaning of the patent laws. After quoting from the decision in said case, the Board of Appeals in its decision stated:

"In the instant case the carcass is not a 'manufacture' as the term is employed in section 4886, R. S., as amended (35 USCA

§ 31), and as defined in the Century Dictionary. The addition of branding marks beneath the fell does not produce from the raw material (carcass) an article for use which possesses a new or distinctive form, quality or property. The added substance only identifies the article; there is no change in the name, appearance, or general character of the article; it remains a carcass for the same beneficial use as theretofore.

"Nor does the subject-matter of the appealed claims, when viewed as a branding system, fall within either of the statutory classes of inventions. The applicant's method of applying identification marks upon the carcass is in the nature of printing, and it has been repeatedly held that where the printed matter, irrespective of the material upon which it is printed, is the sole feature of alleged novelty, it does not come within the purview of the statute, as it is merely an abstract idea, and, as such, not patentable under the terms of section 4886, R. S., as amended. Boggs v. Robertson, Commissioner of Patents, 418 O. G. 551.

"Nor does the application of the branding pigment beneath the fell constitute a patentable subject-matter. It was held in Re Russel, 410 O. G. 820, that the mere arrangement of printed matter on a sheet or sheets of paper, in book form or otherwise, does not constitute 'any new and useful art, machine, manufacture, or composition of matter,' or 'any new and useful improvement thereof,' as provided in section 4886, R. S., as amended."

We are of the opinion that our decision herein should be controlled by our decisions in the cases of In re McKee, 64 F.(2d) 379, 20 C. C. P. A. (Patents) 1018, and In re Johns, 70 F.(2d) 913, 21 C. C. P. A. (Patents) 1099. Both of said cases involved the marking of the surface areas of animal carcasses. We there held in effect that such marking of animal carcasses did not constitute patentable subject-matter so far as product claims are concerned.

Appellant attempts to distinguish the case at bar from the case of American Fruit Growers, Incorporated, v. Brogdex Co., supra, by the fact that in appellant's case the indicia beneath the fell changes the appearance of the carcass, while in the case of the orange in the last-cited case the appearance of the orange was not changed. Appellant's brief states: " * * * The product of applicant's invention as defined in the appealed claims is clearly different in appearance, not only from the raw material on the hoof, but from the manufactured article, namely, the carcass with which applicant is specifically concerned."

Upon this point we would observe that in both the McKee and Johns Cases, supra, the appearance of the carcass was changed by the identifying marks to as great an extent as is a carcass marked by appellant's method, but nevertheless we held in those cases that no article of manufacture resulted therefrom, and hence a carcass so marked did not constitute patentable matter.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.